to date. A voter recently moving to a new district and registering in time nevertheless loses his franchise—not because of any disqualification or irregularity, not because of his failure to do something required, and not because of his commission of a wrongful act. He has done all in his power to qualify as a voter; but his vote is not counted in the nominating stage of the electoral process merely on account of administrative congestion. This to me is at least arguably an impermissible state denial of a federal right; the question is substantial; [3] and I regret it was not argued and decided on the merits.

No. 1296, Misc. DELANEY v. OREGON. Motion for leave to file petition for writ of habeas corpus denied.

No. 1197, Misc. STEBBINS v. CHIEF JUDGE, U. S. COURT OF APPEALS, ET AL. Motion for leave to file petition for writ of mandamus and for other relief denied.

No. 927. UNITED MINE WORKERS OF AMERICA v. PENNINGTON ET AL. C. A. 6th Cir. Certiorari granted. *Harrison Combs, E. H. Rayson, R. R. Kramer* and *M. E. Boiarsky* for petitioner. *John A. Rowntree* for respondents.

No. 944. UNITED STATES ET AL. v. POWELL ET AL. C. A. 3d Cir. Certiorari granted. *Solicitor General Cox, Assistant Attorney General Oberdorfer, Joseph M. Howard, Norman Sepenuk* and *Burton Berkley* for the United States et al. *Bernard G. Segal* and *Samuel D. Slade* for respondents.

---

[3] No other infirmity is shown on the papers before us; and the Supreme Court of California in denying relief wrote no opinion.